## In the United States District Court for the
## District of Kansas

| | |
|---|---|
| **JESSE RUSSELL** | ) |
|        **PLAINTIFF** | ) |
| | ) |
| **V.** | ) |
| | ) Case No. |
| **POTTAWATOMIE COUNTY,** | ) |
| The City of St. Mary | ) |
| And | ) |
| Officer Lisa Davis, individually and in her | ) |
| Official Capacity as a Narcotics Officer for | ) |
| The St. Mary's Police Department | ) |

### AMENDED COMPLAINT

COMES NOW Jesse B. Russell, plaintiff in this matter, and through counsel hereby alleges his causes of action against the defendants as follows:

### PRELIMINARY STATEMENT AND INTRODUCTION

1. This Civil Rights action is brought pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1981 and 42 U.S.C. 1988.

2. This lawsuit arises out of the events leading up to and the acquittal of Plaintiff of all criminal charges on August 29, 2024 after having been wrongfully charged and prosecuted for actions that are not criminal and for which no prosecution should have been brought.

### PARTIES

3. Jesse B. Russell is a citizen of the United States and resident of the State of Georgia.

4. Defendant Pottawotomie County is a legal entity capable of being sued under the state and federal laws.

5. The City of St. Mary is a municipality in the State of Kansas with the capacity to sue and be sued.

6. Defendant Lisa Davis was at all relevant times a police officer for the St. Mary's Police Department. She is sued both in her individual and her official capacity.

7. The defendants were acting under the color of state law at the time of the events detailed herein.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred by 28 U.S.C. § 1331 and 28 U.S.C. § 1343, which provides for original jurisdiction of this Court in suits authorized by 42 U.S.C. § 1983 to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Consitution of the United States or by any act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

9. Venue is proper in the District Court for the District of Kansas under 28 U.S.C. 1391(a)(2) and 28 U.S.C. § 1402 as a substantial part of the acts or omission giving rise to Plaintiff's claims occurred in Pottawatomie County, Kansas.

## BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS

10. On August 29, 2024, Plaintiff was acquitted of all charges filed by the prosecutor of Pottowatamie County, Kansas at the behest of the City of St. Mary through its police officer, Lisa Davis.

11. On or about July 18, 2023, Officer Davis swore out an affidavit requesting a warrant and prosecution of Plaintiff. The basis for the requested warrant and / or prosecution included the following:

   a. for placing "multiple Department of Children and Family (DCF) calls" regarding his children that were not investigated by the Department;

   b. On 3/06/20, Plaintiff's mother made a report regarding Father Novak's possible "grooming" the family to end in divorce and her belief that Saint Mary's church is "cult like."

  c. On 3/16/20, a DCF report was filed indicating a fear that Fr. Novak was engaging in actions designed to separate the family.

  d. On 4/1/2020, a DCF report was allegedly filed by Plaintiff's mother who had concerns of human trafficking from the Church in St. Mary's, worrying that some in the church were cult-like.

  e. On 1/24/22, Jesse Russell made a report that he believed sexual abuse of children was occurring at Saint Mary's and that his wife was allowing people under investigation to be around his children.

  f. On 3/22/22 Plaintiff's mother made a report that her grandchildren were being subjected to abuse.

  g. On 6/29/23, Plaintiff made a report that his children were depressed from being away from him.

  h. A report was filed with the New York State Police by Plaintiff's mother regarding possible abuse occurring at St. Mary's academy.

12.  The report by seeking an arrest warrant by Officer Davis also states that Plaintiff had violated an Order of Protection by mailing to his wife the COVID stimulus checks in the amount of $2,000.00.

13.  Officer Davis described Jesse Russell as "threatening" and "stalking" his ex-wife by filing reports with DCF and sending her the COVID stimulus checks.

14.  In the report, Officer Davis references an article that appeared in Church Militant's news paper that was critical of both St. Mary's Church and the City of St. Mary police department for failing to properly investigate or prosecute sexual abuse occurring at the church and school.

15. The actions of Church Militant were subscribed to Mr. Russell and described as attempts to "smear" and "psychologically torture" Plaintiff's ex-wife.

16. The allegations in the Warrant Affidavit are false. Mr. Russell made only one report to DCF – and that concerned his son's breaking an arm under circumstances that appeared to him to be suspicious.

17. Mr. Russell did not write the Church Militant articles and he denies any form of threats to his ex wife.

18. Further, even if he did make multiple reports to DCF, nothing alleged in the warrant affidavit could be grounds for criminal prosecution.

19. Plaintiff was denied access to his children and their records including school records on the basis that he had "two felonies" against him. That statement was untrue but the result of the harassment he suffered by the City of St. Mary's, Pottawatomie County and Officer Davis.

20. On August 29, 2024, the Court acquitted Mr. Russell of any crimes, noting that none of the evidence established that the matters for which he was brought to court were crimes.

21. During the course of the prosecution and thereafter, Plaintiff was and has been denied job opportunities, he was harassed and his reputation harmed. He suffered serious and clinically diagnosable emotional distress, physical manifestations of emotional distress, mental anguish, violations of his privacy, incurred medical and psychological expenses, lost wages and lost earning capacity.

COUNT 1: 42 U.S.C. 1983 Failure to Train

22. Plaintiff incorporates herein each and every paragraph heretofore pleaded.

23. Defendants at all times relevant to this action were acting under color of state law.

24. Defendants engaged in a joint adventure in the prosecution of Mr. Russell.

25. During that joint adventure, Defendants followed a custom whereby individuals who were associated with or believed to have been associated with those who criticized St. Mary's and / or the Police department were singled out for prosecution and harassment.

26. Defendants acted with deliberate indifference to the rights of Plaintiff.

27. Defendants acted pursuant to a policy or custom in harassing and / or prosecuting individuals who made complaints against St. Mary's and / or the Police Department.

28. The City and County failed to adopt clear policies and failed to properly train its personnel including officers, dispatchers and others as to the proper role of officers in these circumstances.

29. Defendants policy or custom and its failure to adopt clear policies and failure to properly train its deputies were a direct and proximate cause of the constitutional deprivations suffered by plaintiff.

30. As a direct result of Defendants' wrongful conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**COUNT II: Section 1983: Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution**

*31.*

32. Plaintiff hereby incorporates by reference all of the foregoing statements and allegations.

33. By engaging in malicious prosecution of Plaintiff, the defendant jointly and severally violated his constitutionally protected civil rights.

34. Defendants acted in reckless disregard to Plaintiff's rights to be secure in his person and papers as protected by the 4th amendment and the 14th Amendment to the United States Constitution.

35. As a direct result of Defendants' wrongful conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT 4: 42 U.S.C. 1983 SUPERVISORY LIABILITY
### (All Defendants)

36. Plaintiff incorporates herein each and every paragraph heretofore pleaded.

37. Defendants had notice of a pattern of unconstitutional acts committed by their subordinates, including without limitation, Officer Lisa Davis.

38. Defendants were deliberately indifferent or tacitly authorized those actions.

39. Defendants failed to take sufficient remedial action.

40. Their failure to act proximately caused injury to Plaintiff.

41. As a direct result of Defendants' wrongful conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, disgrace, humiliation, and loss of

enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues triable in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks that this Court award judgment against Defendants for damages in an amount reasonable and just to compensate him for his injuries, for costs, expenses and attorneys fees, for equitable relief enjoining defendants from engaging in future similar actions as well as training for the individuals involved and for such other and further relief as the Court finds reasonable and just.

Respectfully Submitted,

RANDLES, MATA LLC.


/S/ Rebecca M. Randles
Rebecca M. Randles, MO#40149
851 NW 45th Street, Suite 310
Kansas City, MO 64116
(816) 931-9901; (816) 931-0134 (Fax)
rebecca@rmblawyers.com
ATTORNEY FOR PLAINTIFF