**In the United States District Court for the**
**District of Kansas**

JESSE RUSSELL                                    )
           **PLAINTIFF**                    )
                                       )
V.                                               )
                                       ) Case No. 5:25-CV-040484
POTTAWATOMIE COUNTY, et. al.                     )
           **DEFENDANTS**                   )

<u>**PLAINTIFF'S OPPOSITION TO ALL DEFENDANTS'**</u>
<u>**MOTIONS TO DISMISS**</u>

COMES NOW Plaintiff, Jesse Russell, by and through his counsel of record and hereby opposes All Defendants' Motions to Dismiss. As grounds for his opposition, Plaintiff states that his complaint, especially as amplified by the Amended Complaint which has been requested to be filed herein, sets forth all elements of each cause of action against all of the defendants. Plaintiff will delineate throughout this Argument the particular defendant against whom the opposition is directed.

I.      INTRODUCTION

The Society of St. Pius X is an international organization founded in 1970 by the French traditionalist Catholic Archbishop, Marcel LeFebvre and has a primary location in St. Marys, Pottawatomie County, Kansas.. Jesse Russell and his ex-wife attended SSPX religious services in Kansas and other places as well. Mr. Russell's ex-wife became tightly involved in the SSPX and eventually it appeared that Fr. Novak of the SSPX may have been having an affair or other misconduct with Mr. Russell's ex-wife. Divorce and custody proceedings followed. Mr. Russell lives in Georgia while his ex-wife continues to live in this district; she has physical custody of the children from the marriage. She and the children have continued to be part of the SSPX community.

1

On or about February 7, 2024, Lisa Davis, Police Officer with the City of Saint Marys swore out an Arrest Warrant Request regarding Plaintiff, Jesse Russell, based upon his actions and the actions of a third party in raising concerns about the children's welfare. In the arrest warrant, Officer Davis set forth that Jesse Russell's mother filed complaints with DCF on March 6, 2020, April 1, 2020, March 22, 2022 and with New York law enforcement in March of 2023. Russell's mother filed these complaints following a series of articles and rebuttals published by The Church Militant and SSPX from July 2019 through approximately August 2020 and the results of a KBI investigation in 2022.

Russell also filed complaints following these articles and his limited interactions with the children. The allegations made by The Church Militant included that sexual abuse was occurring in the St. Marys SSPX location in Kansas and that the SSPX had a history of moving and hiding priests that had been accused of misconduct. The Church Militant also cited to an investigation conducted by the Kansas Bureau of Investigation into allegations of misconduct by members of the SSPX clergy in Kansas. In May 2020, the Kansas Bureau of Investigation began an investigation into multiple allegations of childhood sexual abuse against the SSPX Sant Mary's Rectory in Kansas. In January 2023, the KBI's four year inquiry resulted in the referral of 30 cases to county prosecutors, targeting 14 members of the clergy.

Officer Davis swore out a Warrant Request for stalking and violation of a protective order and intimidation of a witness / victim. The Warrant Request contained knowingly false information including that Jesse Russell was responsible for his mother placing calls to the Department of Children and Family regarding possible child abuse at the SSPX following media reports. The Warrant Request lacked probable cause in that none of the actions attributed to Jesse Russell were criminal acts.

Officer Davis also states that Plaintiff had violated an Order of Protection by mailing to his wife COVID stimulus checks in the amount of $2,000.00.  Officer Davis described Jesse Russell as "threatening" and "stalking" his ex-wife by filing reports with DCF and sending her the COVID stimulus checks.

In the report, Officer Davis references an article that appeared in Church Militant's news paper that was critical of both St. Mary's Church and the City of St. Mary police department for failing to properly investigate or prosecute sexual abuse occurring at the church and school.  The actions of Church Militant were subscribed to Mr. Russell and described as attempts to "smear" and "psychologically torture" Plaintiff's ex-wife.  According to the investigation by Church Militant and others, it appears that the St. Mary's Police Department, Pottawatomie County have policies or practices in place that prevent the investigation into allegations made against the SSPX.

St. Mary's Police Department and / or Pottawatomie County have a practice of turning a blind eye to any allegations of misconduct occurring at St. Marys associated with the SSPX.  St. Mary's Police Department and / or Pottawatomie County have a practice of harassment against those who make allegations of misconduct occurring at St. Marys associated with the SSPX. Officer Davis acted in furtherance of the policy or practice of harassment, turning a blind eye and / or failing to take action regarding misconduct occurring that is associated with the SSPX.

On August 29, 2024, the Court acquitted Mr. Russell of any crimes, noting that none of the evidence established that the matters for which he was brought to court were crimes.  During the course of the prosecution and thereafter, Plaintiff was and has been denied job opportunities, he was harassed and his reputation harmed.  He suffered serious and clinically diagnosable

emotional distress, physical manifestations of emotional distress, mental anguish, violations of his privacy, incurred medical and psychological expenses, lost wages and lost earning capacity.

## II.    LEGAL ARGUMENT

### A.  *Standard of Review*

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the Plaintiff's Amended Petition. It assumes that all of Plaintiff's averments are true and liberally grants to Plaintiff all reasonable inferences therefrom. "A Fed.R.Civ.P. 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, a court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed/2d 338 (1989). To survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The issue in considering a motion to dismiss is not whether a plaintiff will ultimately prevail at trial, but whether he is entitled to present evidence in support of the claim. *See Neitzke*, 490 U.S. at 327.

### B.  **The Amended and Proposed Second Amended Complaint Provide Fair Notice**

As defendants Davis, County and St. Marys note in their unified Motion to Dismiss, the Court must consider the complaint in its entirety when ruling on 12(b)(6) motions. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 309, 322-23 (2007).  The allegations in the complaint are clear that Defendant Davis did not have probable cause to issue a Request for Warrant or to provide charging materials for the prosecution of Plaintiff.  None of the allegations she has set forth in the charging affidavit are crimes.  An arrest without probable cause violates an individual's fourth amendment right.  "[A]n arrest is reasonable only if supported by probable

cause." *United States v. White,* 584 F.3d 935, 944-45 (10th Cir. 2009).  An arrest without probable cause "violates the Fourth Amendment."  *Shroff v. Spellman,* 604 F.3d 1179, 1188 (10th Cir. 2010).  Plaintiff alleged the facts and circumstances that establish that his arrest was made without probable cause and that Officer Davis was the prime mover in that arrest.

Officer Davis referenced an article that appeared in Church Militant's newspaper that was critical of the City of St. Marys police department for failing to properly investigate or prosecute sexual abuse occurring at the church and school.  [Cpt. 14].  Davis indicated that the allegations – falsely attributed to Russell – were a "smear."  [Cpt. 15].

The Complaint alleges that Davis, St. Marys and the County acted jointly – in a 'joint adventure' – to single out for harassment and prosecution those who criticized St. Marys or the police department, especially as it pertained to its actions concerning the SSPX.  [Cpt. 25]. These allegations give the City and County notice of the bases for Plaintiff's claims against them.[1]  *Czaplinski v. Ballard,* 2025 U.S. Dist. LEXIS 208890 (Oct. 23, 2025) explains that the First Amendment bars government officials from retaliating against individuals for engaging in protected speech.  "Any form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation and legal harassment, constitutes and infringement of that freedom."  *Smith v. Plati,* 258 F.3d 1167, 1176 (10th Cir. 2001).  Since each of the defendants acted jointed to single out Plaintiff for harassment and prosecution, they are liable to him for those acts.  The Complaint clearly sets forth sufficient facts to place the defendants on notice that each of them violated known rights.

### C.  CLAIMS AGAINST ST. MARYS

---

[1] In the proposed amended petition, Plaintiff sets forth additional facts establishing that St. Marys and Pottawatomie County acted in concert to aid and abet the constitutional violations.

A local government may be held responsible for the unconstitutional actions of its employees if a municipal policy or custom exists and there is a link between the policy or custom and the injury alleged. *Monell v. Dep't of Soc. Servs. Of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In this matter, Plaintiff has alleged that there is a policy or practice of harassing those that make allegations against the SSPX and the City of St. Marys law enforcement.[Cpt. 25]. In the 2nd Amended Complaint, Plaintiff also specifies that others have been harassed, pointing to the Church Militant article which chronicles the allegations against St. Marys' law enforcement. While discovery has not yet been completed for the full rendition of facts to be developed, these allegations rise above cursory or conclusory to the level of plausible under the *Twombly* standard and *Robbins v. Oklahoma,* 519 F.ed 1242, 1247 (10th Cir. 2008). Plaintiff has also alleged a direct causal connection between the policy and his damages as he was denied job opportunities and caused emotional distress as a result of the unconstitutional arrest and prosecution. *See Bryson v. City of Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010).

**D.  Plaintiff's Amended Complaint and Second Amended Complaint (Proposed) State Claims Under §1983 for Failure to Train / Supervise**

Defendant relies in its analysis on the Supreme Court case, *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) to establish the pleading standard for a failure to train allegation. The *Canton* case stands for the proposition that deliberate indifference is the proper standard to apply to failure to train cases. Plaintiff has appropriately alleged "deliberate indifference" as the standard. The *Canton* case was decided after a jury trial in which the jury determined that the police department had inadequately failed to train its

officers in determining when to send an inmate for medical treatment. It is not a case that sets out any particular pleading standard for a failure to train case. Accordingly, the Court must rely on *Iqbal, Twombly* and their progeny to determine whether plaintiff states a claim.

Plaintiff has alleged in the Amended Petition that the City and County engaged in a joint adventure in which they permitted, aided and abetted or failed to supervise their employees that engaged in harassment of citizens that made allegations against SSPX or St. Marys or County law enforcement. Here, the City and County made a conscious choice to permit, aid and abet or fail to supervise their employees that engaged in harassment of citizens. That conscious choice is the hallmark for liability of a municipality. *Pembaur v. Cincinnati,* 475 U.S. 469, 483-484 (1986). In this case, the City made a conscious choice to foster a policy of harassment and improper prosecution of individuals in Jesse Russsell's position. That conscious choice creates liability for the City and County. "[T]he question becomes whether such inadequate training can justifiably be said to represent "city policy." *Id.* In this case, the alleged failure of training and supervision were both closely related to the ultimate injury – that Plaintiff was prosecuted without due process of law and without probable cause. At this juncture, before any discovery has been completed, the allegations in Plaintiff's complaint are sufficient to rise above the cursory and conclusory allegations that *Iqbal* and *Twombly* eschew.

Defendant falsely alleges that all of Plaintiff's claims arise from a singular event – a false arrest warrant. While that is certainly enough for a constitutional violation, that is not the only act upon which Plaintiff rests his claim. He was actually prosecuted for non-existent crimes. He was required to pay substantial attorneys fees and lost positions because of that prosecution. The entire prosecution was without probable cause. A prosecution without probable cause also violates Plaintiff's fourth amendment rights. *See Dorsey v. City of Shawnee,* 2025 U.S.Dist.

7

LEXIS 116387 at ⁋2.  Each of the defendants played a role in that prosecution; each of them knew the prosecution was without probable cause and each are accordingly liable for that arrest, detention and prosecution.

### E.  Plaintiff's Allegations of Due Process Violations Are Sufficient

1.  <u>Qualified Immunity Does Not Bar Claims Against Officer Davis</u>

*Dorsey v. City of Shawnee,* 2025 U.S.Dist. LEXIS 116387 offers a fair primer on the current state of the law concerning prosecutions without probable cause.  In that case, the officers involved alleged that Plaintiff in that case failed to plead a violation of clearly established law when he pleaded that no probable cause supported the original arrest, confinement and prosecution.  *Id.*  The Court denied qualified immunity because the Plaintiff had alleged that the officers violated his Fourth Amendment rights by contributing false statements to the probable cause affidavit.  *Id.*  Even though the Officers had probable cause for an *uncharged* crime, the Court found that the courts must evaluate the the malicious prosecution claim on a charge by charge basis.  *Id; See also Chiaverini v. City of Napoleon,* 602 U.S. 556, 144 S.Ct. 1745, 219 L.Ed.2d 262 (2024).  Evaluating this case on a charge by charge basis harms the defendants case even more as there is no charge in the document that supports arrest, detention or prosecution.  The "violation of a protective order" charge concerns Jesse Russell mailing to his ex-wife a $2000 COVID check!  That charge is as ridiculous on its face as the allegation that Jesse Russell is criminally responsible for his mother making reports to DCF following the explosive reporting by Church Militant.

Requiring probable cause for an arrest, detention and prosecution has been a recognized right under the 4th Amendment to the Constitution for decades.  "It has long been clearly established that knowingly arresting a defendant without probable cause, leading to the

defendant's subsequent confinement and prosecution, violates the Fourth Amendment's proscription against unreasonable searches and seizures." *Mglej v. Gardner,* 974 F.3d 1151 (10th Cir. 2020). Further, the lack of probable cause infers malice. *Stonecipher v. Valles,* 759 F.3d 1134 (10th Cir. 2014).

### 2. *Officer Davis Violated Plaintiff's Right to Substantive Due Process*

Under 10th Circuit law, a Plaintiff must establish the following elements for a substantive due process claim: that the defendant caused his arrest, detention or prosecution; that the action terminated in his favor; no probable cause supported the arrest, confinement or prosecution; the defendant acted maliciously and he sustained damages. *Shrum v. Cooke,* 60 F.4th 1304, 1312 (10th Cir, 2023). Plaintiff has alleged facts supporting each element of his cause of action.

Defendant argues that the Pottawatomie County prosecutor's choice to prosecute Plaintiff vitiates any liability of Officer Davis. That is not the law. The Courts have held that a prosecutor's decision to charge, a grand jury's decision to indict, or a prosecutor's decision to proceed to trial do not shield a police officer who supplied misleading information that influenced the decision. "If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors, or magistrates to confine or prosecute him." *Pierce v. Gilchrist,* 359 F.3d 1279, 1293 (10th Cir. 2004).

Defendant argues that Plaintiff did not allege with sufficient clarity that the information in the Warrant request was false. To the contrary, Plaintiff set forth with particularity and in detail that the information contained therein was false. It was false as Officer

Davis attributed to Plaintiff the actions of his mother; that she falsely labeled lawful actions as criminal; that she attributed to Plaintiff the writings of Church Militant and then used these false attributions for the proposition that Plaintiff was stalking his ex-wife.  These allegations are not conclusory allegations of illusory misdeeds but actual factual information regarding Officer Davis's actions.  Further, the fact that Officer Davis devised these false allegations against Plaintiff and requested a warrant without probable cause establishes that the actions were done with malice.  *Stonecipher v. Valles,* 759 F.3d 1134 (10th Cir. 2014).  Knowing misstatements by the officer to the prosecutor supports a malicious prosecution claim.  *Dorsey v. City of Shawnee,* 2025 U.S.Dist. LEXIS 116387; *Taylor v. Meacham,* 82 F.3d 1556, 1564 (10th Cir. 1996).  Officer Davis, by virtue of her distorting the facts and creating false allegations against Plaintiff supports a Fourth Amendment violation for malicious prosecution.

3.  *The 4th Amendment Right to be Free from Unreasonable Searches and Seizure is a well recognized right.*

Requiring probable cause for an arrest, detention and prosecution has been a recognized right under the 4th Amendment to the Constitution for decades.  "It has long been clearly established that knowingly arresting a defendant without probable cause, leading to the defendant's subsequent confinement and prosecution, violates the Fourth Amendment's proscription against unreasonable searches and seizures." *Mglej v. Gardner,* 974 F.3d 1151 (10th Cir. 2020).  Further, the lack of probable cause infers malice. *Stonecipher v. Valles,* 759 F.3d 1134 (10th Cir. 2014).  As set forth above, the right to be free from unreasonable searches and seizures has been clearly established for a very long time.  Probable cause is the legal requirement that separates unreasonable searches and seizures from those that are reasonable.  When Officer Davis wrote the warrant request and sought to prosecute Plaintiff, every

reasonable officer knew that any arrest, detention or prosecution must be based on probable cause. She disregarded those rights with conscious disregard. *See Pierce v. Gilchrist,* 359 F.3d 1279 (10th Cir. 2004).

**F.   Plaintiff Alleges Sufficient Facts to Withstand a Motion to Dismiss by the County and Plaintiff has sought to Amend the Petition to Buttress the Facts Pleaded.**

Plaintiff has not brought claims against the prosecutor of Pottawatomie County. Rather, Plaintiff brings claims against the County as the County and the City of St. Marys have engaged in a joint adventure wherein those who are critical of law enforcement or the SSPX have faced harassment, arrests, prosecutions and violations of civil rights. As set forth in the petition, both the County and City have engaged in such actions. Plaintiff's proposed second amended petition fleshes this allegation out but even without the second amended petition, this recitation of the practice about which Plaintiff is sufficient to withstand a Motion to Dismiss. Criticism of government employees is a fundamental First Amendment right. In this case, Plaintiff was not even the one who criticized the County and law enforcement – it was Church Militant. However, the County chose to harass, arrest, detain and / or prosecute Mr. Russell for his executory First Amendment right. It attributed to him the allegations that St. Marys and the County law enforcement were not appropriately investigating childhood sexual abuse and other misconduct at the SSPX. Attempting to prevent Jesse Russell from commenting on the appropriateness of their reaction to allegations of abuse at SSPX is a form of prior restraint of First Amendment rights. That kind of prior restraint carries "a presumption of unconstitutionality." *See*

11

*Promotions, Ltd. V. Conrad,* 420 U.S. 546, 558-559,  95 S.Ct. 1239, 43 L.Ed.2d 448 (1975);

Thompson v. Ragland, 23 F.4th 1252, 1261 (10th Cir. 2022).

Plaintiff has requested to amend his petition to make add facts to make this claims more specific.  However, even without that amendment, for the same reasons that St. Marys may be held liable for its actions, so may the County.  The two acted in concert to quell any public discussion of their reactions to the scandal unfolding around them.  These actions constituted a pattern or practice of violations.

## CONCLUSION

Plaintiff has pleaded sufficient facts to establish that each of the defendants have violated Plaintiff's constitutional rights.  Further, Plaintiff has asked the court to allow him to amend his petition to include counts under the KTCA and to add additional facts to the allegations against each defendant.

WHEREFORE, plaintiff respectfully requests that the Court to overrule each Defendant's Motion to Dismiss and allow Plaintiff to amend his petition to include new causes of action and new facts as set forth in the Motion to Amend..

Respectfully submitted,

*/s/ Rebecca M. Randles*
 Rebecca M. Randles, KS Bar #16832
 851 NW 45th Street, Suite 310
 Kansas City, MO 64116
 (816 931-9901, (816) 931-0134 (FAX)
 **rebecca@rmblawyers.com**

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY Certify that the above and foregoing document was duly filed and served this 6th  day of April, 2026 via the Court's eFiling service.


*/s/ Rebecca M. Randles*
                    Attorney for Plaintiffs
_

13