IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JESSE RUSSELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:25-cv-04084-HLT-RES |
| | ) | |
| POTTAWATOMIE COUNTY; *et. al.* | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I.  INTRODUCTION

Plaintiff's Second Amended Complaint (Doc. 26) fails to state a claim upon which relief can be granted against the City of St. Mary's, Kansas ("City") or Officer Lisa Davis ("Officer Davis") and dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff seeks to hold the City liable pursuant to 42 U.S.C. § 1983 for negligent failure to train and supervise Officer Davis. Plaintiff also seeks to hold Officer Davis liable pursuant to 42 U.S.C. § 1983 for a violation of his substantive due process rights under the Fourth and Fourteenth Amendments. The Second Amended Complaint ("SAC") fails to state a claim upon which this Court may grant relief because Plaintiff fails to allege any facts that an official policy was in place that was improper or caused a violation of his constitutional rights, or that show any connection between a City policy and any alleged constitutional violation. Plaintiff also fails to allege facts to state a claim against Officer Davis because Officer Davis did not violate a clearly established constitutional right and thus, is protected by qualified immunity. Finally, the SAC does not contain facts that support Plaintiff's claim for malicious prosecution under Kansas state law and the discretionary function exemption under the Kansas Tort Claims Act bars the claim and dismissal is warranted.

## II.  STATEMENT OF FACTS

All facts are not restated herein as they are not necessary for evaluation of these Defendants' Motion to Dismiss. On July 18, 2023, Officer Davis authored a report requesting a warrant for Plaintiff's

arrest. (Doc. 26 ¶ 31). Plaintiff claims the allegations in the Warrant Affidavit were false. *Id.* ¶ 40. Charges were filed by the Pottawattamie County Prosecutor and on August 29, 2024, Plaintiff was acquitted of all charges. *Id.* ¶¶ 50 - 52. Plaintiff alleges "Defendants" engaged in a "joint adventure," followed a "custom" to single out persons for prosecution and harassment, acted with "deliberate indifference, " and that "[t]he City and County failed to adopt clear policies and failed to properly train its personnel including officers, dispatchers and others." *Id.* ¶¶ 56-60. Plaintiff claims "defendants jointly and severally" engaged in malicious prosecution. *Id.* ¶ 64. Plaintiff also alleges that "Defendants" had a notice of a pattern of unconstitutional acts committed by their subordinates; were deliberately indifferent and failed to take remedial action. *Id.* ¶¶ 68-70. Plaintiff further claims that "Defendants collectively" initiated prosecution against Plaintiff for actions that are not crimes; the County and City each had a policy and/or unofficial practice of allowing or encouraging harassment against those who made allegations against SSPX. *Id.* ¶¶ 74-75.

## III.    MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint itself. *See MacArthur v. San Juan Cnty.*, 309 F.3d 1216, 1221 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Two working principles underlie this standard. 'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' (citation omitted.) 'Thus, mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each claim.'" *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). Second, a complaint must state a "plausible claim for relief" to survive a motion to dismiss. *Id.* (quoting *Iqbal*, 556 U.S. at 679). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citation omitted). In making this determination, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## IV.    ARGUMENTS AND AUTHORITIES

At the outset, Plaintiff's SAC should be dismissed because it violates Rule 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim" sufficient to show grounds for relief. Fed. R. Civ. P. 8(a)(2). "Prolixity undermines a complaint's utility." *Lyman v. Board of Cnty. Comm'rs. of Geary Cnty.*, No. 25-2023-EFM, 2025 WL 2855388, at *6 (D. Kan. Oct. 8, 2025) (citing *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017)). A plaintiff violates Rule 8 "through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'" *Baker*, 686 F. App'x at 620 (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)). The SAC devotes paragraphs detailing actions and allegations against non-parties St. Pious X ("SSPX") and Plaintiff's wife and her involvement with the church. The SAC is replete with irrelevant allegations that bury the material allegations pertinent to the claims against these Defendants. As example, multiple references are made regarding a custom or policy of harassment or prosecution of individuals that made complaints about SSPX, the City and Police Department while never alleging Plaintiff ever made any such complaints. (Doc. 26). The SAC clearly violates Rule 8 and dismissal is warranted.

### A.    The Amended Complaint Fails to Provide Fair Notice.

With limited exception, Plaintiff does not specifically identify what each of the Defendants did that violated his rights. The Tenth Circuit has repeatedly emphasized the importance of connecting defendants to misconduct in the pleadings. A plaintiff has to show "that such defendant personally participated in the

alleged constitutional violation." *Shrum v. Cooke,* 60 F.4th 1304, 1312 (10th Cir. 2023). It is particularly important in § 1983 cases "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Kansas Penn Gaming, LLC, v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citing *Robbins*, 519 F.3d at 1250). Because personal liability under § 1983 must be based on personal involvement in an alleged constitutional violation, the claims require more specificity. *Givens v. City of Wichita*, No. 6:23-cv-01033-HLT-TJJ, 2024 WL 1198503, at *7 (D. Kan. 2024); *Carnell v. Carr*, No. 12-3020-SAC, 2012 WL 6156419, at *3-4 (D. Kan. 2012) (finding the Complaint failed "to allege a single, personal act committed by either of the Defendants that would give rise to liability") (internal citation omitted). "Collective actions against the State or against the 'Defendants' do not suffice." *Id.* at *4 (citing *Robbins*, 519 F.3d at 1250).

Plaintiff repeatedly refers to "Defendants" generically in each of the four stated causes of action, alleging the Defendants engaged in a 'joint adventure.' Plaintiff claims that "Defendants" acted with deliberate indifference to his rights. (Doc. 26 ¶ 58). Similarly, Plaintiff alleges "Defendants" engaged in malicious prosecution of Plaintiff and jointly and severally violated his constitutionally protected civil rights. *Id.*, ¶ 64. Plaintiff continues with these same general allegations that "Defendants" acted in reckless disregard to Plaintiff's rights to be secure in his person and papers as protected by the Fourth and Fourteenth Amendments (Doc. 26, ¶ 65) without any indicia of which Defendant completed any specific action. Without any specific <u>fact</u> to make clear who is alleged to have done what action, Plaintiff fails to form the basis of a constitutional violation that gives rise to personal liability under Section 1983 and the claims against the City and Officer Davis must be dismissed.

### B.    <u>Plaintiff Does Not State a Claim against the City of St. Mary's</u>.

The SAC contains nothing beyond conclusory allegations against the City, which are insufficient to withstand this Motion to Dismiss. Generic assertions of a "joint adventure" and claiming "joint and several" liability does not support a valid claim pursuant to 42 U.S.C. § 1983 against the City, and local

government does not answer for the injuries "inflicted solely by its employees or agents," and is not subject to respondeat superior liability. *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) *Monell*, 436 U.S. at 694. The City is not directly liable for the constitutional torts of its employees. *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell*, 436 U.S. at 694). A plaintiff may not assert a section 1983 action against a municipal entity unless he establishes that a government policy or custom caused his injuries. *Galindo v. Taylor,* No. 22-2414-DDC-RES, 2024 WL 1116072, *5 (D. Kan. 2024) (referencing *Monnell*, 436 U.S. at 690). That is, a municipality "may be held liable under *Monell* if it executes an unconstitutional policy or custom, or a facially constitutional policy that causes a constitutional violation." *Id.* (internal citation omitted). To establish municipal liability under § 1983 a plaintiff must show: "1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). "A plaintiff may establish a municipal policy or custom by alleging facts capable of demonstrating one of the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Galindo*, 2024 WL 1116072 at *6 (internal quotation and citation omitted).

Even after Plaintiff was afforded leave to amend his Complaint, the SAC does not contain sufficient facts to support finding that a government policy or custom caused Plaintiff's injuries and dismissal as a matter of law is warranted for failure to state a claim.

      1.    <u>The Amended Complaint Does Not State A Claim under §1983 for Failure to Train/Supervise (Counts I and III).</u>

To find a municipal policy or custom based on a failure to train or failure to supervise theory, a plaintiff is required to show deliberate indifference. "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989). "That a particular officer may be *unsatisfactorily trained will not alone suffice to fasten liability* on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 391 (emphasis added) (internal citation omitted). Additionally, it will not suffice "to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct." *Id.* "[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *Id.*

The deliberate indifference standard for inadequate training liability to be placed upon a municipality, requires proof that the failure to train 'reflect[s] a deliberate or conscious choice by a municipality.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Such deliberate indifference is only shown where the municipality had "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Id.* (citing *Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1390). Notice is established "by proving the existence of a pattern of tortious conduct," or otherwise it may be found by "highly predictable or plainly obvious consequence[s] of a municipality's action or inaction." *Id.* at 1308 (citing *Brown*, 520 U.S. at ---, 117 S.Ct. at 1391; *Canton*, 489 U.S. at 390 n. 10, 109 S.Ct. at 1205 n. 10). For the obvious or predictability element, a plaintiff must "show that the need for more or different training and/or supervision was so obvious that a violation of his constitutional right to due process was likely to result from not providing it." *Parker v. City of Tulsa*, 745 Fed.App'x 79, 82 (10th Cir. 2018). Failure to train is "the "most tenuous" theory that can support municipal liability because it is "nebulous" and "removed

from the constitutional violation." *Connick*, 563 U.S. at 61. One incident of misconduct or unconstitutional action does not give rise to impose municipal liability. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

The SAC does not present any facts that would support the existence of a custom or policy of the City to not train and supervise officers, nor are there any facts that support a pattern of constitutional violations by untrained employees. The SAC is devoid of any facts about the City's training program; that the training that was provided and/or received by Officer Davis was inadequate or improper; nor are there facts plead that establish a pattern of constitutional violations that rise to the level of showing deliberate indifference. Plaintiff's wholly conclusory allegations do not state a claim for failure to train and/or supervise and "merely pleading labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of any factual enhancement will not suffice." *Iqbal*, 556 U.S. at 679. Without any reference to such facts, judgment is warranted for the City.

Plaintiff contends that the City (and County) failed adopt clear policies and failed to properly train its personnel including officers, dispatchers and others as to the proper roll of officers in these circumstances. (Doc. 26, ¶ 60). And the failure to adopt clear policies to properly train its deputies were a direct and proximate cause of the constitutional deprivations suffered by Plaintiff. *Id.* at ¶ 61. Aside from conclusory statements, that the City failed to train and supervise officers on its polices, there are no facts pled to support this contention. Plaintiff makes the conclusory allegation that "Defendants" acted pursuant to a policy or custom in harassing and/or prosecuting individuals who made complaints about St. Mary's and/or the Police Department (Doc. 26, ¶ 59), but there are no facts in the SAC that Plaintiff ever made a complaint about St. Mary's or the Police Department. Nor are there any facts to support the existence of such a custom or policy beyond conclusory allegations. More importantly, the SAC does not allege facts that the City's policy as to training was the "moving force" behind any alleged constitutional violation. *Dalcour v. City of Lakewood,* 492 F. App'x 924, 930 (10th Cir. 2012).

The SAC contains no facts that support finding a failure to train or supervise with regard to investigating reported crime, or that there was a custom or policy of the City not to train officers on City policies. Instead, as is prevalent throughout the SAC, Plaintiff simply makes self-serving conclusory statements that the City failed to properly train and supervise officers on its policies (Doc. 26, ¶¶ 60, 61).

Count III, asserts a claim for failure to supervise pursuant to 42 U.S.C. §1983, but does not contain any facts that would support a claim for supervisory liability. Plaintiff advances the conclusory allegation that the City 'had notice of a pattern of unconstitutional acts committed by their subordinates, including without limitation, Officer Lisa Davis." (Doc. 26, ¶ 68). Continuing with conclusory allegations, Plaintiff claims that "Defendants" were deliberately indifferent or tacitly authorized those actions. *Id.* ¶ 69. These blanketed allegations do not state facts that Courts have found support finding the City had an unconstitutional policy, custom or practice to impose liability pursuant to *Monell.*

Above all, the SAC does not contain facts showing any connection – let alone a direct causal link – between a City policy and any allegedly unconstitutional conduct of Officer Davis. To the extent Officer Davis's actions in preparing a Warrant Report for Plaintiff's arrest, resulted in any violation of Plaintiff's constitutional rights (which is denied), as stated previously, there is absolutely no connection between a policy of the City and Officer Davis's conduct herein. Plaintiff does not set forth facts that it was a policy of the City to provide inadequate training to officers regarding investigation of criminal activity that then led to Plaintiff's arrest. Further, there are no facts asserted that a lack of training caused Plaintiff's arrest for stalking and interference with a law enforcement officer. In fact, the SAC concedes that the District Attorney reached the same conclusion and charged and prosecuted Plaintiff. (Doc. 26, ¶ 50). The Pottawatomie County Prosecutor, Sherri Schuck, charged Plaintiff with Stalking in violation of K.S.A. 21-5427(a)(2) & (b)(2)(A) and Interference with Law Enforcement; Falsely Reporting a Crime in violation of K.S.A.21-5904(a)(1)(A) & (b)(1)(A). (Criminal Complaint attached hereto as **Exhibit 1**[1]). Prosecutor

---

[1] The Criminal Complaint is the proper subject of this Court's consideration pursuant to *GFF v. Associated Wholesale* Grocers, 130 F, 3d 1381, 1384-85 (10th Cir., 1997) (holding that if a plaintiff references a document but does not attach the document as

Schuck verified under penalty of perjury that the statements contained in the Criminal Complaint were true and correct. *Id.,* p. 2. Therefore, it is illogical to conclude that a lack of training led to Plaintiff's prosecution.

Plaintiff essentially asks the Court to assume that Officer Davis violated his constitutional rights and based on that assumption, she must not have been properly trained and/or supervised. This assumption is not sufficient to sustain a claim for failure to train or supervise against the City under *Monell*. As the Supreme Court held in *Connick v. Thompson,* "without notice that a course of training is deficient in a *particular respect*" decisionmakers cannot be liable for failure to train. 563 U.S. 51, 62, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) (emphasis added). All of Plaintiff's claims arise from a singular event, the July 18, 2023 Warrant Request, which does not provide facts showing a pattern of constitutional violations by City employees that is required to charge the City with knowledge that there was a failure to train or supervise its employees. To allege an unconstitutional custom or policy, allegations of "a single incident of unconstitutional conduct is not enough." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1170 (10th Cir. 2009). Rather, plaintiff must show a "pattern of abuses." *Brown v. Reardon*, 770 F.2d 896, 901 (10th Cir. 1985). There are no facts in the SAC of the existence of a widespread policy or a pattern of similar misconduct that permitted officers to engage in improper arrests to impose liability against the City pursuant to *Monell.*

The SAC also lacks any facts showing a policy of "deliberate indifference" which is required to support a claim against the City for failure to train and supervise. The SAC does not contain any facts that the City "disregarded a known or obvious consequence of ["its] action," or any facts of a causal connection between a policy and any allegedly unconstitutional conduct. *Connick*, 563 U.S. at 61. Plaintiff's SAC is

---

an exhibit to the Complaint, it is appropriate for the defendant to submit an authentic copy of that document for the court's consideration on a motion to dismiss; and doing so will not require conversion of the motion to dismiss to a motion for summary Judgment).

comprised of wholly conclusory statements arising from a single incident without any widespread pattern of similar conduct to impose liability on the City.

Plaintiff's conclusory allegations fail to meet the pleading standard required to state a cause of action against the City pursuant to 42 U.S.C. § 1983. Counts I and III against the City for failure to train or supervise should be dismissed with prejudice because Plaintiff does not state a claim upon which relief may be granted. *Frank v. Kan. Dep't of Agric.*, No. 19-1054-JWB, 2019 WL 2393008 at*3 (D. Kan. June 6, 2019).

**C.**    **Plaintiff fails to Support a Claim for Violation of Due Process (Count II).**

Plaintiff generically claims that the defendants 'jointly and severally' engaged in malicious prosecution and acted in reckless disregard to his rights to be secure in his person and papers pursuant to the Fourth and Fourteenth Amendments and prior restraint under the First Amendment. (Doc. 26, ¶¶ 64-65). As detailed *supra*, municipal liability must be based on a policy, custom, or final policymaker's action that caused a constitutional violation. Count II contains no facts that would support a claim against the City and dismissal is warranted.

1.    Qualified Immunity Bars Plaintiff's Claims Against Officer Davis

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sanchez v. Guzman*, 105 F.4th 1285, 1292 (10th Cir. 2024), *cert. denied*, 145 S. Ct. 1052 (2025) (internal quotations omitted). When, as here, §1983 defendants assert qualified immunity, "this affirmative defense creates a presumption that [the defendant is] immune from suit." *Id*. (internal quotations omitted).

Once qualified immunity is asserted, "the plaintiff bears the burden to demonstrate that the defendant violated his constitutional rights and that the right was clearly established." *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022, 1027 (10th Cir. 2015) (citation omitted). "If the plaintiff fails to satisfy either prong of qualified immunity, his suit fails." *Hemry v. Ross*, 62 F.4th 1248, 1253 (10th

Cir. 2023). The Court is not required to address both prongs. *Id.* (citation omitted). To avoid application of qualified immunity, Plaintiff is required to establish that "(1) the defendant officer violated a clearly established constitutional right; and (2) the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that 'every reasonable official would have understood what he was doing' violated the law." *Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)). This is a "heavy, two-part burden" that the plaintiff must meet. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). This burden holds surmountable weight because it is presumed that law enforcement officers "are immune from lawsuits seeking damages for conduct they undertook in the course of performing their jobs." *Kerns*, 663 F.3d at 1180 (10th Cir. 2011). Failure on either element is fatal to the plaintiff's claims. *Id.*

    2.   <u>Officer Davis Did Not Violate Plaintiff's Right to Substantive Due Process.</u>

When qualified immunity is raised in a motion to dismiss, the *Iqbal/Twombly* standard to determine whether Plaintiff states a plausible constitutional violation. *Brown,* 662 F.3d at 1162-63. While well-pleaded facts are accepted as true and viewed in the light most favorable to Plaintiff, allegations that are " 'merely consistent with' a defendant's liability" stop short of that line. *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 557. Plaintiff appears to assert a claim for violation of his substantive rather than procedural due process rights. Essentially claiming malicious prosecution. The Tenth Circuit has held that to support such a claim, a plaintiff must plausibly plead: (1) the defendant caused his continued confinement or prosecution; (2) the original action terminated in his favor; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) he sustained damages. *Shrum v. Cooke*, 60 F.4th 1304, 1312 (10th Cir. 2023). Plaintiff fails to plead facts that satisfy the first, third and fourth elements required to support a claim for malicious prosecution in violation of his substantive due process rights. A plaintiff presenting a claim for malicious prosecution in violation of § 1983 "must supply more than conclusory allegations." *Horocofsky v. City of Lawrence*, No. 20-2529-

EFM, 2022 WL 1421554, at *23 (D. Kan. 2022) (citing *Erikson v. Pawnee Cty. Bd. of Cty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (granting defendant's motion to dismiss for plaintiff's blanketed allegation of a malicious prosecution claim under section 1983 because plaintiff's conclusory allegations, stating generally that no probable cause existed, is insufficient to survive a motion to dismiss) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating "conclusory allegations without supporting factual averments are insufficient to state a claim").

Officer Davis did not cause Plaintiff's prosecution because she did not have the ability to bring criminal charges, the criminal charges against him were filed by the Pottawatomie County prosecutor. (**Exhibit 1**). "Typically, a plaintiff may not sue a police officer for malicious prosecution pursuant to § 1983 because 'the chain of causation is broken between the arrest and the actual prosecution.'" *Sodaro v. City and County of Denver*, 629 F. Supp. 3d 1064, 1078 (D. Colo. 2022) (quoting *Grobecker v. Grundy*, 2014 WL 3593513, at *8 (D. Colo. July 18, 2014). "The independent decisions of the prosecutor in bringing the charge and of the court in issuing an indictment constitute superseding causes that break the chain of causation." *Id*. The only exception is where the prosecutor's actions were not truly independent actions, where the officers conceal or misrepresent the material facts. *Id*. (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1292-93 (10th Cir. 2004)).

The SAC advances general claims that Officer Davis's report contained false information. Conclusory statements—that information in the Warrant Report was false and that Plaintiff should not have been arrested—do not support a Fourth Amendment violation and, therefore, qualified immunity applies to bar Plaintiff's claim. *Taylor*, 82 F.3d at 1563. The conclusory allegation that Plaintiff's arrest purportedly lacked probable cause is *directly contradicted* by the fact that the County Attorney charged Plaintiff with stalking and interference with law enforcement for falsely reporting in Case Number PT-2024-CR-000023. (**Exhibit 1**). While "[i]t is conceivable that a wrongful arrest could be the first step towards a malicious prosecution. However, the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the

officers to the prosecutor." *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996) *citing*, *Reed v. City of Chicago*, 77 F.3d 1049 (7th Cir. 1996). The SAC does not contain any facts that Officer Davis pressured or influenced the prosecutor to bring criminal charges against him. And Prosecutor Schuck verified under penalty of perjury that the statements contained in the Criminal Complaint, charging Plaintiff with two misdemeanors for stalking and interference with law enforcement for falsely reporting a crime, were true and correct. (**Exhibit 1**, p. 2). The SAC affirmatively states that the criminal complaint was tried to the Court, which also establishes the existence of probable cause. (Doc. 26, ¶ 52). Because probable cause was established independently, it is impossible to infer that Officer Davis exerted any undue pressure to cause Plaintiff's criminal prosecution.

Officer Davis submitted a report requesting a warrant to the Pottawattamie County Prosecutor who then criminally charged Plaintiff. Clearly the chain of causation was broken by the independent decision of the Pottawattamie County prosecutor as to any claim for malicious prosecution against Officer Davis. *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). Plaintiff's conclusory statements do not support a due process violation and in the absence of a constitutional violation, qualified immunity bars Count II against Officer Davis.

       3.      <u>Plaintiff fails to Plausibly Allege Violation of a Constitutional Right that was clearly Established.</u>

Even if Plaintiff alleged sufficient facts to state a constitutional violation, to overcome qualified immunity, Plaintiff must also adequately allege the constitutional right at issue was clearly established at the time of Defendant's alleged misconduct. *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017) (declining to first consider constitutionality of the conduct before holding district court erred in denying defendant's motion to dismiss because the right at issue was not clearly established). "Constitutional rights are clearly established when Tenth Circuit or Supreme Court precedent particularized to the case at issue exists." *Sanchez v. Guzman*, 105 F.4th 1285, 1292 (10th Cir. 2024). When considering whether a particular constitutional right is clearly established, "it is 'not enough to look at,' and declare a law enforcement

officer liable, based on . . . 'generalized principles.'" *Kerns*, 663 F.3d 1173, 1182 (10th Cir. 2011) (quoting *Medina v. City and County of Denver*, 960 F.2d 1493, 1497-98 (10th Cir. 1992)). The United States Supreme Court has "vigorously underscored the point" that courts should not "define clearly established law at a high level of generality." *Id*. at 1182-83. "The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Id*. at 1183 (quoting *Ashcroft*, 563 U.S. at 742). Rather, the correct question is whether "every reasonable official would have understood that what he did violated that right." *Id*. (quoting *Ashcroft*, 563 U.S. at 741) (cleaned up) (emphasis added by *Kerns* Court).

To determine whether the right was clearly established, the court must engage in a "narrowly tailored and context-specific exercise." *Wood v. Welch*, No. 22-2279-DDC, 2024 WL 2880405, *7 (D. Kan. 2024) (quotation omitted). To be clearly established, the contours of the right must be sufficiently clear so the official would know what he or she was doing violated the right. *Martley v. Basehor, Kansas, City of*, 537 F. Supp. 4d 1260, 1267 (D. Kan. 2021) (citing *Medina*, 252 F.3d at 1128). The Court cannot "second-guess judgments of law enforcement with the benefit of hindsight." *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022, 1027 (10th Cir. 2015).

When analyzed under the proper standards of context-specific contours, Plaintiff fails to plausibly allege that the law was clearly established. The mere accusation that an officer misidentifies a purported suspect or that an officer could have done something better or differently in his investigation does not equate to a finding of a clearly established right. *See, e.g., Maw v. Kearl*, No. 1:21-cv-80-BSJ, 2023 WL 4463015, at *5 (D. Utah 2023) (granting qualified immunity on plaintiff's allegation that detectives were mistaken in their identification of him as a suspect to a robbery and could have done a better job investigating before issuing their probable cause affidavit because "the fact that the Detectives may not have been as thorough as they could have, or that they may have rushed to a judgment, or that they were actually wrong," did not equate to a finding that they violated a clearly established constitutional right);

*Griego v. City of Albuquerque*, 100 F.3d 1192, 1226 (D.N.M. 2015) (stating "[t]here is no constitutional or federal-statutory right to have police conduct a full, proper, or even competent investigation" and "[e]ven if such a right existed – and the Court concludes it does not – it would not be clearly established" and defendants would receive qualified immunity).

The SAC does not contain facts that establish a constitutional violation, therefore, Plaintiff falls woefully short of meeting the addition burden of plausibly demonstrating Officer Davis violated any purported "clearly established" constitutional right.

### D.   Plaintiff fails to Support a Claim for Malicious Prosecution under Kansas State Law and Discretionary Function Immunity Bars Plaintiff's Tort Claim.

A municipality can only be liable for damages caused by the negligent or wrongful act or omission of its employees while acting within the scope of their employment. K.S.A. 75-6103(a). Without an action by a government employee, there can be no finding of liability against the City. *Id*. Plaintiff's allegations that the City "turned a blind eye" or "aided and abetted" malicious prosecution (Doc. 26, ¶ 76) are insufficient to state a tort claim against the City.

Claims for malicious prosecution have long been disfavored in the law "because they tend to discourage individuals from seeking redress in the courts." *Laing v. Shanberg*, 13 F. Supp. 2d 1186, 1189 (D. Kan. 1998) (applying Kansas law) (internal citations omitted). To guard against such claims, "the elements of malicious prosecution are to be strictly construed to keep the cause of action from being wielded by wrongdoers as a threat to ward off legitimate suits." *Ball v. Credit Bureau Services., Inc.*, No. 111,144, 2015 WL 4366440, at *8 (Kan. App. 2015) (unpublished) (citing *Laing*, 13 F. Supp. 2d at 1188-89). To establish a claim for malicious prosecution, a plaintiff must show: "(1) the defendant initiated, continued, or procured the proceeding of which complaint is made; (2) the defendant in doing so acted without probable cause; (3) the defendant acted with malice; (4) the proceeding terminated in favor of plaintiff and (5) the plaintiff sustained damages." *Lindenman v. Umscheid,* 255 Kan. 610, 624, 875 P.2d 964, 974 (1994) (citing *Nelson v. Miller,* 227 Kan. 271, 276, 607 P.2d 438, 443 (1980) (*Nelson I*)).

The SAC does not contain facts to support a claim for malicious prosecution under Kansas state law because neither the City, nor Officer Davis initiated the criminal proceedings and the SAC establishes that probable cause existed for the criminal charges brought against Plaintiff. The preparation and submission of the Warrant Request is not enough to meet the element of initiation, because under Kansas law, persons supplying information to a public prosecutor are not liable for malicious prosecution when the prosecutor initiates criminal proceedings, if the person supplies all the information available to the prosecutor. *Howell v. FedEx Ground Package Sys., Inc.*, No. 10-2273-JTM, 2011 WL 4900038, *8 (D. Kan. October 14, 2011) (citing *Arceo v. City of Junction City, Kansas*, 182 F. Supp. 2d 1062, 1087 (D. Kan. 2002) (citing *Nelson*, 227 Kan. at 279)). As long as "all the facts known to the defendant have been fully and truthfully given to [the prosecuting attorney]," "advice of a prosecuting attorney as to the institution of a criminal proceeding is a complete defense for malicious prosecution." Id.  (citing *Hunt v. Dresie*, 241 Kan. 647, 740 P.2d 1046 (1987)). As detailed previously, the County Attorney brought the criminal charges against Plaintiff, swearing the allegations in the criminal complaint were true, thus negating any claim for malicious prosecution against Officer Davis or the City.

Even if the Warrant Request lacked probable cause (which is denied), discretionary function immunity bars Plaintiff's state tort claim. K.S.A. § 75-6104(a)(5) provides that a governmental entity shall not be liable for damages resulting from "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, *whether or not the discretion is abused* and regardless of the level of discretion involved." K.S.A. 2023 Supp. 75-6104(a)(5) (emphasis added); *Soto v. City of Bonner Springs,* 291 Kan. 73, 79 (2010). Plaintiff's allegations against the City and Officer Davis arise out of the preparation and submission of the Warrant Request. The Kansas Supreme Court has consistently held "the investigatory methods and procedures employed by governmental employees to be matters requiring the exercise of judgment and discretion. *Schreiner v. Hodge*, 315 Kan. 25, 38, 504 P.3d 410 (2022) (citing *Soto*, 291 Kan. at 85; *Awad v. United States*, 807 Fed. Appx. 876, 880 (10th Cir. 2020) (unpublished opinion) (manner in which law enforcement

agents conduct their investigation and identify suspects involves elements of judgment or choice). Further, a police officer's determination of whether probable cause of a crime exists based on their investigation is a discretionary function. *Beattie v. Smith*, 543 Fed. Appx. 850, 860 (10th Cir. 2013) (unpublished opinion applying Kansas law). Police officers investigating potential crimes, acting within the scope of their employment are policy-oriented decisions that are within the scope of K.S.A. 75-6104(e)[2]. *Soto*, 291 Kan. at 82 (officer's decision on how to investigate was discretionary even when the failure led to plaintiff's false imprisonment).

Officer Davis's decisions about whether and how to investigate a crime, along with any reasonable suspicion determination, requires the type of policy-based judgment that the Legislature intended to insulate from tort liability under the discretionary function exception in K.S.A. § 75-6104(a)(5). *Schreiner v. Hodge*, 315 Kan. at 40-41. In *Schreiner*, the Kansas Supreme Court held that while the arresting officers were mistaken and lacked reasonable suspicion under the Fourth Amendment to detain the plaintiff, "their reasonable suspicion determination was still a discretionary function immune from tort liability." *Id*. at 44-45. In reaching this decision, the Court reiterated that when determining application of immunity under K.S.A. 75-6104(a)(5), the focus is "not on whether the officers correctly determined that the reasonable suspicion requirement had been met. Rather, the relevant inquiry is whether the underlying act was discretionary in nature." *Id*. at 45. This is true even where a court later determines that "law enforcement made mistakes or errors in judgment while exercising discretionary authority." *Id*. The Court reaffirmed the protection afforded police officers through discretionary function immunity because "[t]o effectively perform their core governmental functions, K.S.A. 75-6104(e) requires law enforcement officers be afforded discretion to determine the existence of reasonable suspicion based on their experience and training, free from the deterring influence of potential tort liability." *Id*.

---

[2] K.S.A. 75-6104(e) is now codified under K.S.A. 2023 Supp. 75-6104(a)(5).

In authoring the Warrant Request, Officer Davis was making a discretionary decision that probable cause existed for Plaintiff's arrest. The decision regarding "if, how, and when to arrest" a person is discretionary. Likewise, a police officer is engaged in a discretionary function in determining "'how to investigate, and to what extent to investigate before seeking a warrant.'" *Soto*, 291 Kan. at 86 (citations omitted). The decisions made by Officer Davis, including the existence of probable cause that Plaintiff had engaged in criminal conduct, and requesting a warrant for Plaintiff' arrest are of the nature and quality which the legislature intended to put beyond judicial review." *Schreiner*, 315 Kan. at 40 (citing *Bolyard v. Kansas Dept. of SRS*, 259 Kan. 447, 452, 912 P.2d 729 (1996)); *Soto*, 291 Kan. at 88.

The SAC does not contain facts to overcome the discretionary function immunity protection of the Kansas Tort Claims Act and dismissal of Count IV is warranted.

**E.    Plaintiff does not state any claim for violations of the Fifth Amendment, Eight Amendment, 42 U.S.C. §1981, or 42 U.S.C. §1988.**

Plaintiff contends that his suit is brought pursuant to the Fifth and Eighth Amendments and 42 U.S.C. § 1981 and § 1988. (Doc. 26, ¶ 1). However, the SAC is devoid of any facts that support claims under any of these provisions. Plaintiff does not plead racial discrimination which is required to state a claim pursuant to 42. U.S.C. § 1981. Section 1988 does not create substantive rights or an independent cause of action, it is a remedial provision assuming a viable civil rights claim is made. The SAC also contains no facts (or even separate counts) that state a violation of Plaintiff's Fifth or Eighth Amendment rights. To the extent Plaintiff intended any claims under these authorities against the City or Officer Davis, the same should be dismissed.

## VI.    CONCLUSION

For the reasons set forth herein, Defendants, City of St. Mary's, Kansas and Officer Lisa Davis respectfully request the Court dismiss Plaintiff's Second Amended Complaint as to them with prejudice, and issue such other relief as the Court deems just and proper.

Respectfully submitted,

HINKLE LAW FIRM <u>LLC</u>
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832


By:      */s/ Michelle R. Stewart*
         Michelle R. Stewart, <u>mstewart@hinklaw.com</u>  #19260

ATTORNEYS FOR DEFENDANTS
CITY OF ST. MARY'S, KANSAS and LISA DAVIS


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21 day of April, 2026, the foregoing *Memorandum in Support of Motion to Dismiss* was filed electronically with the Clerk of the US District Court; and a copy was served via ECF electronic notification and via email on the following:

Rebecca M. Randles, MO#40149 (<u>rebecca@rmblawyers.com</u>)
*Attorney For Plaintiff*

Remington B. Smith, #26959 (<u>rsmith@enszjester.com</u>)
*Attorneys For Defendant*
*Pottawatomie County, Kansas*


                         */s/  Michelle R. Stewart*
                         ATTORNEYS FOR DEFENDANTS
                         THE CITY OF ST. MARY, KS; and
                         OFFICER LISA DAVIS