# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JESSE RUSSELL,               )
      Plaintiff,             )
                 )
    v.                        )    Case No. 5:25-CV-04084-HLT-RES
                 )
POTTAWATOMIE COUNTY, *et al.*,  )
      Defendants.            )

## DEFENDANT POTTAWATOMIE COUNTY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND SUGGESTIONS IN SUPPORT

### Introduction

This motion presents the Court with four straightforward issues:

1. **County Not Responsible for Prosecutor.** In Kansas, county attorneys prosecute criminal cases on behalf of the State, meaning their charging decisions are State—not county—actions. Here, Russell asserts that "Defendants engaged in a joint adventure in the prosecution" of Russell, implicitly asserting that the County is responsible for his prosecution. Should this Court dismiss all claims against the County premised on alleged or inferred prosecutorial misconduct?

2. **No Pleaded County Act, Policy, or Causation.** A § 1983 claim against a county must plead facts showing that the county's own policy, custom, or training deficiency affirmatively caused the constitutional injury. Here, Russell's claims rely solely on collective allegations against "Defendants" and fail to identify any policy, custom, or practice attributable to the County. Should the Court dismiss Counts I and II for failure to state a plausible claim?

3. **Insufficient Supervisory Liability Claim.** Under § 1983, a county is not liable merely because it allegedly supervised someone; it may be liable only for its own policies or decisions concerning personnel it actually supervises. Here, Russell invokes unnamed "subordinates" and "personnel including officers, dispatchers and others," yet pleads no facts identifying any *County* subordinate, supervisor, notice, pattern, or causal County decision. Should Count III be dismissed for failure to state a plausible supervisory-liability claim against the County?

4. **KTCA Notice Noncompliance.** Parties bringing claims under K.S.A. 12-105(d) must file a written notice with the clerk or governing body of the municipality before commencing an action. Failure to comply deprives the court of subject matter jurisdiction and bars the claim. Here, Russell sues the County for malicious prosecution under the KTCA but never specifies whether he had complied with the KTCA's prior notice requirement. Should the Court dismiss Count IV for lack of subject matter jurisdiction?

## Rule 12(b)(6) Motion Standard

A complaint must contain enough factual matter to state a claim that is plausible (not just speculative) on its face—sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Threadbare recitals of elements and conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235–36 (10th Cir. 2013). Section 1983 pleadings that use collective terms like "Defendants" without distinguishing

2

who did what can be fatal because it deprives each defendant of fair notice. *Kansas Penn Gaming, LLC, v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (it is particularly important in § 1983 cases to make clear exactly who is alleged to have done what to whom, to provide fair notice to each) (citing *Robbins*, 519 F.3d at 1250). For purposes of this motion, the County accepts well-pleaded factual allegations as true, but the Court need not accept legal conclusions or conclusory labels. *Iqbal*, 556 U.S. at 678.

**Argument**

**I.     Russell Fails to State any Malicious Prosecution Claim (in Counts II and IV) Against the County Based on Acts of the County Prosecutor.**

The Tenth Circuit holds that Kansas county prosecutors act as officials of the State, not the county. when making prosecutorial decisions. *Nielander v. Bd. of Cnty. Comm'rs of Republic Cnty.*, 582 F.3d 1155, 1170 (10th Cir. 2009) (in Kansas, county attorneys are officials of the state, not the county). It stands to reason that a county cannot be liable for the actions of people whom it has neither assumed responsibility, nor who are recognized under Kansas law as its agents.

Here, Russell implicitly asserts that the County prosecuted him because he criticized St. Mary and its police department. Specifically, he asserts that "Defendants engaged in a joint adventure" in his prosecution (Doc. 26 ¶ 56), and that "Defendants followed a custom" to single out and prosecute those who criticized the City of St. Mary, including himself (*Id.* at ¶ 57). But Kansas law clearly holds that prosecutions are actions only of the State, not counties. *Nielander*, 582 F.3d at 1170.

Russell also fails to actually plead whether he seeks County liability based on the actions of the prosecutor alone. He specifically fails to identify any County policymakers—or anyone else—who allegedly participated in or directed the alleged malicious prosecution. Without

3

specific allegations tying the challenged conduct to a county decisionmaker, Russell's theory of County liability remains wholly unsupported. Counts II and IV should be dismissed as to the County.

**II.     Counts I and II Fail to Plead a Plausible *Monell* Claim Against the County Because They Do Not Adequately Allege Any Specific County Policy, Custom, or Training Deficiency That Affirmatively Caused the Alleged Constitutional Violation.**

Counties are liable only for their own policies and customs. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Under *Monell*, plaintiffs must allege facts showing the existence of a policy or custom, deliberate indifference by the municipality in following those policies or customs, and a direct causal link between that indifference and the asserted injury. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Deliberate indifference is usually shown through a pattern of similar behavior or neglect in abiding by those policies or customs. *City of Canton v. Harris*, 489 U.S. 378, 397–98 (1989) (quoting *Languirand v. Hayden*, 717 F.2d 220, 227–28 (5th Cir. 1983)); *Connick v. Thompson*, 563 U.S. 51, 61–63 (2011); *Nielander v. Bd. Of Cnty. Comm'rs*, 582 F.3d 1155, 1170 (10th Cir. 2009) ("a single incident of unconstitutional conduct is not enough." *Id.*). This is a stringent standard of fault. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997).

Russell's Second Amended Complaint falls well short of that standard. It does not identify any County policy or custom supported by factual allegations, any County policymaker involved in Russell's prosecution, or any deficient training program, and it does not explain how any such deficiency caused his injuries.

4

The Second Amended Complaint also does not plausibly allege deliberate indifference by the County. Instead, Russell pleads entirely conclusory allegations:

- "During [a] joint adventure, Defendants followed a custom whereby individuals who were associated with or believed to have been associated with those who criticized St. Mary's and/or the police department were singled out for prosecution and harassment" (Doc. 26 ¶ 57);

- "Defendants" acted with "deliberate indifference to the rights of Plaintiff under the 1st, 4th, 14th and other constitutionally recognized rights" (*Id.* ¶ 58); and

- "The City and County failed to adopt clear policies and failed to properly train its personnel including officers, dispatchers and others as to the proper role of officers in these circumstances." (*Id.* ¶ 60).

Instead of identifying any particular County policy, custom, or specific training deficiency, Russell merely recites boilerplate phrases in a vain attempt to properly plead his claim under *Monell*. Crucially, while Russell asserts the County had "notice of a pattern of unconstitutional acts," he simultaneously fails to identify a single prior similar incident that demonstrates any pattern that the County intentionally disregarded. Count I should be dismissed as to the County.

Further, Russell never alleges any specific facts connecting the County to his prosecution. He repeatedly uses the collective term "Defendants," stating that "Defendants engaged in a joint adventure [sic]" and "Defendants followed a custom" (Doc. 26, ¶¶ 56–57) without ever actually identifying any specific County act. That failure makes it impossible for the County to ascertain what acts are attributable to which Defendant—that is the epitome of a "threadbare recital" contemplated by *Iqbal* and which fails to meet Rule 8's pleading standard. Count II should also be dismissed as to the County.

**III.    The "Supervisory Liability" Count III Further Fails as to the County Because Municipalities Have No Supervisory Liability Apart from *Monell*, and the Allegations Are Pure Conclusions.**

A county is not liable under § 1983 merely because it "supervises" someone. *Monell*, 436 U.S. at 691.

Plaintiff nonetheless labels his third count "SUPERVISORY LIABILITY (All Defendants)" and again relies on collective allegations that Defendants were deliberately indifferent, failed to act, and thereby caused injury. (Doc. 26 ¶¶ 68–71). Russell further alleges that "Defendants had notice of a pattern of unconstitutional acts committed by their subordinates, including without limitation, Officer Lisa Davis" (*Id.* ¶ 68) and that "[u]pon information and belief, Pottawatomie County failed to train Office [sic] Davis in the correct procedures for identifying criminal matters and probable cause." (*Id.* ¶ 44).

Russell, however, never pleads any means of control, supervision, or authority the County exercised over officers of the City of St. Mary, including Officer Lisa Davis. Further, Count III contains no factual allegations showing any of the following:

- a County supervisor existed;

- that any County supervisor supervised the relevant actors;

- what notice the County had;

- what pattern existed;

- what remedial actions were available to the County; or

- how any County choice caused Plaintiff's injury.

*Monell* liability only extends to a failure by a municipality or government entity for failure to train properly, hire, or supervise its employees. *Harris*, 489 U.S. at 392. The County cannot be

6

liable for failing to train or supervise a person it had no authority to train or supervise in the first place.

Count III is the definition of an "threadbare recital" under *Iqbal* and appears to advance an erroneous belief that a County is responsible for another department's officer. The supervisory-liability count should be dismissed as to the County.

**IV.    Russell Fails to State a Claim Against the County Under the KTCA in Count IV for Want of Pleaded Compliance with the Pre-Suit Notice Requirement of the KTCA, Absence of Which Is a Complete Bar to Recovery.**

The Kansas Tort Claims Act (KTCA) explicitly requires that any person having a claim against a municipality or its employees first file a written notice with the clerk or governing body of the municipality *before* commencing an action. K.S.A. 12-105(d) (emphasis added). Failure to comply with this administrative requirement completely bars claims brought under it. *Sleeth v. Sedan City Hosp.*, 298 Kan. 853, 854 (2014) (failure to abide by K.S.A. 12-105(d) leaves the court without subject matter jurisdiction).

Here, Russell's Second Amended Complaint fails to establish this Court's subject matter jurisdiction to address purported violations of the KTCA, as his complaint is completely devoid of any referenced compliance with the required pre-suit notice requirements contained in K.S.A. 12-105(d). That notice is not optional; it is mandatory. *Sleeth*, 298 Kan. at 854. Without subject matter jurisdiction to hear Russell's KTCA claims, the Court must dismiss Count IV entirely as to the County.

**V.    Russell's Passing References to the Fifth Amendment, Eighth Amendment, § 1981, and § 1988 Do Not State Any Claim Against the County.**

Russell cites multiple constitutional amendments and statutes in his introductory paragraph (Doc. 26, ¶ 1). He also pleads no facts supporting any independent claim under those provisions as to the County.

- **§ 1981:** Russell pleads no race discrimination at all. Section 1981 proscribes discrimination on the basis of race, and a plaintiff must plead intentional racial discrimination as an essential element of the claim. *Gaschler v. Scott County*, Kan., 963 F. Supp. 971, 982 (D. Kan. 1997), aff'd 141 F.3d 1184 (10th Cir. 1998). The Second Amended Complaint makes no attempt to do so.

- **§ 1988:** Section 1988 does not create substantive rights or an independent cause of action; rather, it is a fee/remedial provision tied to an underlying viable civil- rights claim. *Moor v. County of Alameda*, 411 U.S. 693, 702 (1973) (§ 1988 is intended to complement the various acts which do not create federal causes of action for the violation of federal civil rights).

- **Fifth/Eighth Amendments:** The pleading contains no count and no facts supporting any Fifth- or Eighth-Amendment theory against the County.

To the extent Russell intended any standalone claims under these authorities against the County, they should be dismissed.

## Conclusion

Because the Second Amended Complaint pleads no plausible County involvement and no County policy/custom the County deliberately ignored, and it fails to plead facts establishing the County's liability in any respect, Defendant Pottawatomie County respectfully requests that the Court:

1.    Dismiss all claims against Pottawatomie County under Rule 12(b)(6); and

2.    Enter judgment dismissing the County from all claims, with prejudice.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

/s/ Remington Smith

REMINGTON B. SMITH          KS #26959
1100 Main Street, Suite 2121
Kansas City, MO  64105
Telephone:  816-474-8010
Facsimile:  816-471-7910
Email:        rsmith@enszjester.com
**ATTORNEY FOR DEFENDANT**
**Pottawatomie County, Kansas**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 24, 2026, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

REBECCA M. RANDLES       MO #40149
RANDLES MATTA, LLC
851 NW 45th Street, Suite 310
Kansas City, MO 64116
Telephone:  816-931-9901
Facsimile:  816-931-0134
Email:       rebecca@rmblawyers.com
**ATTORNEYS FOR PLAINTIFF**
**Jesse Russell**

MICHELLE R. STEWART     KS #19260
MAYDA R. STALLBAUMER   KS #30002
HINKLE LAW FIRM, LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
Telephone:  913-345-9205
Facsimile:  913-345-4832
Emails:      mstewart@hinklaw.com
             mstallbaumer@hinklaw.com
**ATTORNEYS FOR DEFENDANTS**
**The City of St. Mary, Kansas and**
**Officer Lisa Davis**

/s/ Remington Smith
**ATTORNEY FOR DEFENDANT**
**Pottawatomie County, Kansas**

10