IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE RUSSELL,                                    )
                                                  )
                    Plaintiff,                    )
                                                  )
v.                                                )          Case No. 5:25-cv-04084-HLT-RES
                                                  )
POTTAWATOMIE COUNTY; *et. al.*                    )
                    Defendants.                   )

**<u>DEFENDANTS' CITY OF ST. MARY'S AND LISA DAVIS'</u>**
**<u>REPLY IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

For a complaint to survive a motion to dismiss, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted). While well-pled facts are viewed in the plaintiff's favor, the standard on a motion to dismiss does not allow the Court to accept unreasonable, self-serving, and unsupported inferences from a party's own pleading. Conclusory statements are not entitled to the presumption of truth. *Id.* Like the Second Amended Complaint ("SAC"), Plaintiff's Response focuses on conclusory allegations, highly generalized constitutional principles, and does not set forth a colorable argument as to why it should not be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) as set out in Defendants' Memorandum. (Doc. 31).

Plaintiff devotes the majority of his Response setting out conclusory rather than factual statements that appear to be made to distract, rather than to meet his burden to avoid dismissal. Tellingly, Plaintiff fails to cite to the SAC for the overwhelming majority of his factual conclusions and the few citations he does make to the SAC do not actually support the conclusion he argues in his Response. Detailed discussions about The Society of St. Pius X ("SSPX"), KBI investigations into SSPX, and Plaintiff's ex-wife's involvement with SSPX do not set forth facts consistent with the alleged liability and do not state facts that if presumed true state a claim against the City or Officer Davis.

## I.      Plaintiff's Response Confirms that the SAC Fails to Satisfy Rule 8.

Plaintiff's Response does not cure the deficiencies identified in Defendants' Motion to Dismiss. Instead of pointing the Court to well-pleaded factual allegations sufficient to show grounds for relief as required by Fed. R. Civ. P. 8(a)(2), Plaintiff repeatedly relies on broad accusations concerning SSPX, Church Militant publications, alleged misconduct by unnamed persons, and facts he hopes to develop through discovery. Plaintiff also continues to rely on collective allegations against "Defendants," alleged "joint adventures," and generalized assertions of misconduct rather than identifying what specific actions each Defendant allegedly took. The Tenth Circuit repeatedly has held that such collective pleading is insufficient in §1983 cases because each defendant is entitled to notice of precisely what conduct forms the basis of liability. *Kansas Penn Gaming, LLC*, *v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Plaintiff does not meaningfully address his pleading deficiencies and the SAC should be dismissed on this basis alone.

## II.     Plaintiff Does Not State a Claim against the City of St. Mary's.

A. Plaintiff does not identify facts establishing a municipal policy or custom.

Although Count I brings a cause of action against the City for failure to train and Count III for failure to supervise, in his Response, Plaintiff argues that the City is liable for having a policy or custom of harassing, detaining and arresting persons who make allegations against SSPX and the City of St, Mary's law enforcement. (Doc. 36, p. 7-8). In footnote 2, Plaintiff claims he "has witnesses that are expected to testify that they were also subjected to harassment like that set forth in the complaint." Not only is alluding to alleged witnesses and their expected testimony improper as an attempt to avoid dismissal, Plaintiff failed to plead facts saying as much in the SAC. Instead, Plaintiff hides behind his conclusory allegations to claim that he has plausibly stated a *Monell* claim against the City which falls drastically short of the "specific factual allegations [required] to support each claim." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). There are no facts in the

SAC to support the existence of an informal policy or custom that would give rise to liability against the City pursuant to 42 U.S.C. § 1983.

As the court observed in *Pino v. Weidl*, to plausibly plead municipal liability under Section 1983 based on a policy or custom, a plaintiff cannot simply allege there is a policy in place, but rather, must plead facts, that if true, would give rise to a plausible inference that such a policy exists. 2020 WL 3960424 at *6, Case No. 20-2044-JAR-GEB (D. Kan. July 13, 2020) (internal citations omitted). Claims regarding policies, practices, or customs under *Monell* are taken as legal conclusions at the pleading stage, not facts in and of themselves, to be taken as true at face value. *Id.* To support the existence of an informal policy, practice, custom, or usage, such a policy must be "widespread, permanent, and well-settled" such that it effectively carries the force of law. *Waller v. City & Cnt. Of Denver,* 932 F.3d 1277, 1290 (10th Cir. 2019). In *Waller*, the Tenth Circuit concluded that "[the plaintiff's] allegations—describing only one similar incident of excessive force prior to his own violations—fall short of plausibly alleging a 'widespread practice' of excessive force, much less [one] 'so permanent and well settled as to constitute a custom or usage with the force of law." *Id.*

Notably absent from the SAC are factual allegations of a written policy, a decision by a final policy maker, or ratification by City policy makers. The SAC also does not contain any facts of a widespread practice of similar constitutional violations that would support finding an informal policy or practice. Plaintiff simply makes the conclusory allegation that the St. Mary's Police Department and/or Pottawatomie Couty have a practice of harassment against those who make allegations of misconduct occurring at St. Mary's associated with the SSPX. (Doc. 26, ¶ 38). The SAC is devoid of any facts about other individuals who were harassed or arrested for making complaints about SSPX or the City. Plaintiff's discussion about the KBI investigation into SSPX or alleged wrongdoings by SSPX does not show a widespread practice amounting to a *City* policy or custom. There are no facts that these conclusory allegations involve the same constitutional violations Plaintiff asserts. And the

only facts regarding actual actions taken relate solely to Plaintiff, which is not evidence of a widespread and pervasive policy or practice and does not plausibly support municipal liability. *Dechant v. Grayson,* Case No. 20-CV-02183-HLT, 2021 WL 63280 (D. Kan. Jan. 7, 2021).

In rather confusing fashion, Plaintiff argues the City (in a joint adventure with the County) has a policy of "singling out for harassment and prosecution those who criticized St. Mary's or the police department" (Doc. 36, p. 7). At the same time, Plaintiff adamantly denies writing any article for the Church Militant and only sent complaints to DCF regarding his children. (Doc. 26, ¶¶ 20, 22). Plaintiff does not allege he ever made a complaint or was ever critical of the City or the Police Department. Therefore, it is illogical to find the existence of a City policy or custom for harassing those who make complaints about the City or Police Department when Plaintiff never made such complaints. Plaintiff has not sufficiently pled facts to show that the City maintained a policy or custom through a widespread practice that led to any alleged constitutional violation.

B.   Plaintiff's Failure to Train Claim Is Entirely Conclusory.

Plaintiff does not identify the training or supervision that was provided to Officer Davis prior to his arrest and fails to identify what the alleged training deficiency was. The conclusory allegations that the City "made a conscious choice to turn a blind eye to the abuses happening at SSPX, then harassing, detaining, arresting and prosecuting those that complained" (Doc. 36, p. 9) are insufficient to state a cause of action against the City for *Monell* liability. *Welch v. Bd. of Cnty. Comm's of Sedgwick Cnty., Kan.*, No. 19-1057-JWB, 2019 WL 4168824, at \*4 (D. Kan. Sept. 3, 2019) (citing *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007) (plaintiff "must identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury' ")); *Sexton v. City of Colorado Springs*, 530 F. Supp. 3d 1044, 1072 (D. Colo. 2021) (plaintiff failed to allege how officer was trained, who trained him or why training was deficient).

Plaintiff does not direct the Court to any facts in the SAC that the City made a deliberate

choice not to train officers that would support the existence of a City custom or policy for failure to train. For deliberate indifference, "the failure to train must 'reflect a deliberate or conscious choice by a municipality.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Deliberate indifference is a stringent standard, which Plaintiff fails to meet. *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).

Plaintiff's Response is nothing more than a formulaic recitation of the elements of a failure-to-train claim and does not address the failure of the SAC to allege facts showing any connection or direct causal link between a lack of training and the allegedly unconstitutional conduct of Officer Davis. Plaintiff's Response argues that the City made a "conscious choice to foster a policy of harassment and improper prosecution of individuals in Jesse Russell's position" without any citation to factual allegations in the SAC. (Doc. 36, p. 9). Without facts that inadequate training or supervision led to Plaintiff's arrest, there is simply no basis for a Section 1983 claim against the City for failure to train and supervise. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. Plaintiff's conclusory allegations must be ignored, *Iqbal,* 556 U.S. at 679, and the SAC does not plead facts supporting causation. Plaintiff fails to plausibly allege a claim for municipal liability pursuant to 42 U.S.C. § 1983, and the claims against the City in Counts I, II and III should be dismissed with prejudice.

## III.    Officer Davis is Entitled to Qualified Immunity.

Plaintiff fails to overcome the defense of qualified immunity which imposes the burden on the plaintiff to show both that "(1) the defendant's actions violated a constitutional or statutory right, and (2) that the right was clearly established at the time of the alleged violation." *Truman v. Orem City,* 1 F.4th 1227, 1235 (10th Cir. 2021) (quotations omitted). This standard by design, "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions."

*Ashcroft v. al-Kidd,* 563 U.S. 731, 743, 131 S. Ct. 2074, 2085, 179 L. Ed. 2d 1149 (2011). If, as here, plaintiff fails to satisfy either prong, a court must grant qualified immunity. *Brown v. City of Tulsa,* 124 F.4th 1251, 1265 (10th Cir. 2025).

A. <u>Plaintiff does not plausibly allege a constitutional violation.</u>

Plaintiff attempts to avoid dismissal by arguing that Officer Davis lacked probable cause to submit the Warrant Request for his arrest. In the context of a qualified immunity defense for an unlawful arrest claim, the Tenth Circuit directs that courts determine whether a defendant violated clearly established law "'by asking whether there was arguable probable cause' for the *challenged conduct*." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quoting *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012)) (emphasis added). The conduct of Officer Davis that Plaintiff challenges is Officer Davis authoring and submitting the Warrant Request. There are no allegations that Officer Davis was the one who determined that the statements within the Warrant Request constituted probable cause for an arrest warrant, that Officer Davis arrested Plaintiff before receiving a warrant after submitting the Warrant Request, or that Officer Davis was the officer that ultimately arrested Plaintiff.

Plaintiff also does not address the holdings in *Sodaro v. City and County of Denver* or *Taylor v. Meacham*, that the independent decisions of a prosecutor in bringing charges is a superseding cause that breaks the chain of causation between the arrest and the actual prosecution and precludes a claim for malicious prosecution against a law enforcement officer. Arguing that his malicious prosecution claim against Officer Davis survives dismissal, Plaintiff directs the court to *Pierce v. Gilchrist*, which is inapposite to Plaintiff's allegations. In *Pierce*, the Tenth Circuit noted the only basis for maintaining a malicious prosecution claim pursuant to 1983 against an arresting officer is where the prosecutor's actions were not truly independent actions or where the officers conceal or misrepresent the material facts. Instead, Plaintiff extensively relies upon *Dorsey v. City of Shawnee*, for the proposition that there is no probable cause for a prosecution if an officer contributed false statements to a probable

cause affidavit. No. 25-2006-JAR-BGS, 2025 WL 1125565, *3-5 (D. Kan. Apr. 16, 2025), *motion to certify appeal denied*, No. 25-2006-JAR-BGS, 2025 WL 1707463 (D. Kan. June 18, 2025). *Dorsey* is distinguishable because there, the criminal charges were sanctioned by a district judge *based on* the officer's affidavit. *Id*. at *3. Those are not the facts in this case.

As discussed in the Memorandum, Prosecutor Schuck verified under penalty of perjury that the statements contained in the Criminal Complaint, charging Plaintiff with two misdemeanors for stalking and interference with law enforcement for falsely reporting a crime, were true and correct. (Doc. 26-1). There is no mention in the Criminal Complaint of Plaintiff's mother calling DCF or the Church Militant Articles which are the alleged false statements that Plaintiff claims negates the probable cause for the charges. As evidenced in the criminal case pleadings, Prosecutor Schuck made the independent decision to issue the Warrant for Plaintiff's arrest [1] (**Exhibit 1**) and to file criminal charges against Plaintiff. (Doc. 31-1). Officer Davis did not author the actual warrant for Plaintiff's arrest, authorize the issuance of the Warrant, bring charges against Plaintiff, or prosecute the criminal charges. (**Exhibit 1**; Doc. 31-1). Clearly the chain of causation was broken as to any claim for malicious prosecution against Officer Davis. *Taylor*, 82 F.3d 1556, 1564 (10th Cir. 1996). Plaintiff fails to direct the Court to any facts in the SAC that Officer Davis pressured or influenced Prosecutor Schuck to bring criminal charges, knowingly misled Schuck or concealed material facts.

As to Plaintiff's claims that the Warrant Request contained false information, a review of the actual Warrant Request demonstrates Plaintiff's outright misrepresentation of its contents.[2] Officers

---

[1] The Court may take judicial notice of facts which are a matter of public record, without converting this motion into one for summary judgment. Fed.R.Evid. 201(b)(2); *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n. 1 (10th Cir.2004); *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (citing *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")). Therefore, this Court may consider the pleadings in criminal case, Case No.: PT-20240CR-000023, including the Warrant that was issued for Plaintiff's arrested attached hereto as **Exhibit 1**.

[2] The court may properly consider arguments in a reply to the extent the moving party's reply addresses arguments asserted in the opposing party's response to the motion to dismiss. *See Iowa Credit Union League v. Nat'l Credit Union Admin. Bd.*, No. 23-2255-EFM, 2023 WL 6541324, at *1 (D. Kan. Oct. 6, 2023). Because Plaintiff placed his arguments that he

of the court have a duty of candor to the court and to opposing counsel. *Fish v. Kobach*, 320 F.R.D. 566, 573 (D. Kan. 2017). Factual contentions in a pleading or written motion presented to the court must "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). "Justice requires that all involved in our legal system work to ensure that a true and accurate picture of the facts is presented to the court." *Fish*, 320 F.R.D. at 573. "'Most attorneys, of course, try to convey [facts] in the best possible light for their clients. But there is a difference between putting [facts] in the best possible light and blatantly misstating the evidence.'" *Id*. (quoting *Maiteki v. Marten Transp., Ltd.*, No. 12-cv-2021, 2016 WL 3878502, at *4 (D. Colo. July 18, 2016)).

The Warrant Request Officer Davis submitted to the County Attorney is attached hereto as **Exhibit 2** and is the proper subject of this Court's consideration pursuant to *GFF v. Associated Wholesale Grocers*, 130 F, 3d 1381, 1384-85 (10th Cir., 1997) (holding that if a plaintiff references a document but does not attach the document as an exhibit to the Complaint, it is appropriate for the defendant to submit an authentic copy of that document for the court's consideration on a motion to dismiss; and doing so will not require conversion of the motion to dismiss to a motion for summary Judgment). Nowhere in the Warrant Request does Officer Davis attribute the actions of Plaintiff's mother to him and the Warrant Request never mentions the writings of Church Militant much less attributes those as the basis for requesting a warrant be issued for Plaintiff's arrest. The Warrant Request was based on Plaintiff's actions in targeting his ex-wife and placing her in fear of safety of herself and her children. In fact, Officer Davis properly segregated and attributed the information provided to her by Plaintiff's ex-wife in the Warrant Request, stating: "July 2023 Statement of Jennifer Russell." Notably, even in Jennifer Russell's statement, there is no mention of the writings

---

was held criminally responsible for his mother making DCF reports and the Church Militant articles into issue in his Response, Officer Davis is not prevented from responding to those arguments.

of Church Militant. Plaintiff's claim that the Warrant Request contained false information which negates Prosecutor Schunk's independent charging decision should be disregarded based on the actual charging document. Also, one of the charges in the Criminal Complaint was not even contemplated in the Warrant Request. (**Exhibit 2**). Plaintiff's claimed deficiencies in the Warrant Request do not present a true and accurate picture of the facts to the Court, instead Plaintiff deliberately ignores the statements within the Warrant Request by asserting misleading and false factual allegations.

Officer Davis acted reasonably in describing the information she had gathered about Plaintiff's actions in the Warrant Request and submitted the same to County Attorney Schuck, who actually issued the Warrant for Plaintiff's arrest. (**Exhibit 1**). The Warrant Request does not contain the false statements Plaintiff claims it does. (**Exhibit 2**). Probable cause existed for Officer Davis to describe the findings from her investigation and forward the Warrant Request to the County Attorney to review. Plaintiff's conclusory assertions are insufficient to support a constitutional violation, and Officer Davis is protected by qualified immunity.

B.  Plaintiff Fails to Identify Clearly Established Law.

Plaintiff's Response does not identify any Supreme Court or Tenth Circuit authority placing every reasonable officer on notice that Officer Davis's actions violated the constitution. Instead, Plaintiff relies on highly generalized principles that arrests must be supported by probable cause. As detailed in Defendants' Motion to Dismiss, the Supreme Court has consistently instructed courts not to define clearly established law at a high level of generality. The demanding "clearly established" standard protects "'all but the plainly incompetent or those who knowingly violate the law.'" *D.C. v. Wesby*, 583 U.S. 48, 63 (2018) (quotation omitted). To avoid dismissal, a complaint must include all factual allegations necessary to sustain a conclusion that a defendant violated a clearly established law. *Currier v. Doran,* 242 F.3d 905, 912 (10th Cir. 2001) (internal quotation omitted). The factual allegations must be "specific" and "non-conclusory," and sufficient for a court to determine that those

facts, if proved, demonstrate the defendant is not entitled to qualified immunity. *Id.* Plaintiff does not direct the Court to existing precedent that would have made it obvious to every reasonable officer that preparing a Warrant Request and submitting the same to the County Attorney under these circumstances violated the Constitution. Dismissal with prejudice is warranted because qualified immunity protects Officer Davis.

C. <u>Plaintiff fails to State a Tort Claim for Malicious Prosecution.</u>

Plaintiff's Response recites the elements of a malicious prosecution claim in Kansas, but fails to address the cases or arguments set forth in the Motion to Dismiss. Glaringly absent is any argument as to why discretionary immunity pursuant to the Kansas Tort Claims Act does not bar Plaintiff's claim. Consistent with the holdings in *Soto v. City of Bonner Springs*, 291 Kan. 73 (2010) and *Schreiner v. Hodge*, 315 Kan. 25 (2022), Officer Davis's actions in determining that probable cause existed for Plaintiff's arrest - even if that decision was mistaken – was still a discretionary function that is immune from tort liability. Accordingly, Count IV should be dismissed with prejudice.

## IV. CONCLUSION

Plaintiff's Response does not cure the deficiencies identified in Defendants' Motion to Dismiss. The SAC is comprised of conclusory allegations, collective pleading, and speculation without factual allegations sufficient to state a plausible claim for relief. against the City or Officer Davis and dismissal is warranted pursuant to Fed. R. Civ P. 12(b)(6).

Respectfully submitted,
HINKLE LAW FIRM <u>LLC</u>
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832
By:_____*s/ Michelle R. Stewart*_____
   Michelle R. Stewart, mstewart@hinklaw.com   #19260
   Mayda R. Stallbaumer, mstallbaumer@hinklaw.com, #30002
ATTORNEYS FOR DEFENDANTS
THE CITY OF ST. MARY, KS; and
OFFICER LISA DAVIS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15 day of June, 2026, the foregoing *Reply in Support of Motion to Dismiss* was filed electronically with the Clerk of the US District Court of Kansas; and a copy was served via ECF electronic notification and via email on the following:

Rebecca M. Randles, MO#40149 (rebecca@rmblawyers.com)
RANDLES MATA, LLC
851 NW 45th Street, Suite 310
Kansas City, MO 64116
816-931-9901 / Fax: 816-931-0134
ATTORNEY FOR PLAINTIFF

Remington B. Smith, #26959 (rsmith@enszjester.com)
ENSZ & JESTER, PC
1100 Main Street, Suite 2121
Kansas City, MO 64105
816-474-8010 / Fax 816-471-7910
*Attorneys For Defendant*
*Pottawatomie County, Kansas*

/s/ Michelle R. Stewart
ATTORNEYS FOR DEFENDANTS
THE CITY OF ST. MARY, KS; and
OFFICER LISA DAVIS